**IN THE UNITED DATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JERAD R. ANGLE,** | ) | **CASE NO. 2:18-CV-266** |
| **Plaintiff,** | ) | **JUDGE EDMUND A. SARGUS** |
| **vs.** | ) | |
| **CITY OF NEWARK, OHIO,** et al., | ) | **DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT** |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

Now come the defendants, the City of Newark, Ohio, Barry Connell, John Brnjic, Doug Bline, Steven Baum, Dave Haren, Clint Eskins, Darrin Logan and John/Jane Does 1-5, and submit this reply brief in support of their motion for summary judgment. The plaintiff's brief in response to defendants' motion for summary judgment fails to provide any case law which would alter the analysis set forth in the defendants' motion for summary judgment, or otherwise reference specific facts and evidence which would create a genuine issue of fact. Additionally, at the outset, the defendants' move to strike the plaintiff's affidavit from the record. The plaintiff was deposed at length by defendants' counsel. The plaintiff's affidavit is simply copied from his complaint, and covers the exact same topics and alleged incidents discussed during the plaintiff's deposition. The plaintiff is not entitled to retell his version of events in a more embellished and dramatic way simply because he is not satisfied with the way his deposition testimony. The plaintiff's self-serving and unsupported affidavit, which at times contradicts his deposition testimony, or otherwise purports to add supplemental information, is not sufficient under Fed.Civ.R 56. Rather, the plaintiff's deposition testimony is controlling in this case.

Otherwise, the plaintiff has not carried his burden of demonstrating there are any genuine questions of fact as to any of the claims set forth in his complaint. It is well-established in the Sixth Circuit that "to survive a 'properly supported motion for summary judgment,' the nonmoving party must 'set forth specific facts showing that there is a genuine issue for trial.'" *Ritenour v. Tenn. Dep't of Human Servs.*, 497 Fed. Appx. 521, 528 (6th Cir.), *citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In opposing a motion for summary judgment, a party "may not rest upon mere allegations or denials of his pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Keymarket of Ohio, LLC v. Keller*, 2013 U.S. Dist. LEXIS 161131, *25 (S.D. Ohio), *citing, Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, (1986). "It is not the Court's role to 'wade through' the record to find specific facts which may support the nonmoving party's claims. *Jackson v. City of Cleveland,* 2017 U.S. Dist. LEXIS 123358, *9 (N.D. Ohio), *citing United States v. WRW Corp.* 986 F.2d 138, 143 (6th Cir. 1993).

The plaintiff's brief reiterates his version of the facts, with very little reference to the record. The plaintiff proceeds to cite legal authority as to the basic elements of each claim, and then makes broad, unsupported claims that there was a question of fact as to the elements. A cursory review of the plaintiff's legal analysis demonstrates few record citations, and primarily reliant upon his own, self-serving, conclusory statements set forth in his affidavit. However, as recognized by the Sixth Circuit, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Rayfield v. City of Grand Rapids*, 2019 U.S. App. LEXIS 10969, *9-10 (6th Cir.) *citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In fact, "vague, conclusory allegations and subjective beliefs are insufficient to withstand a motion for summary judgment." *Bradley v. Arwood*, 705 Fed.Appx. 411, 430 (6th Cir. 2017),

citing *Hartsel v. Keys*, 87 F.3d 795, 803 (6th Cir. 1996). *See also Ondo v. City of Cleveland*, 795 F.3d 597, 605 (6th Cir. 2015) ("Statements made on belief or on information and belief, cannot be utilized on a summary-judgment motion."); *Bradley v. Wal-Mart Stores, E., LP*, 587 F. App'x 863, 866 (6th Cir. 2014) ("A properly supported motion for summary judgment will not be defeated by conclusory allegations, speculations, and unsubstantiated assertions."); *Nix v. O'Malley*, 160 F.3d 343, 347 (6th Cir. 1998) ("The non-moving party cannot rely on conclusory allegations to counter a motion for summary judgment.").

The plaintiff's brief fails to set forth any evidence in compliance with Fed.Civ.R 56 which demonstrates a genuine issue of material fact exists sufficient to survive summary judgment.  As such, the plaintiff has not carried his burden and the defendants are entitled to summary judgment.

## **FEDERAL CLAIMS**

**A.  The plaintiff's brief fails to address the qualified immunity analysis and thus the record before the court demonstrates all of the individual offices are entitled to qualified immunity for all federal allegations**

The plaintiff's brief addresses only the state immunity analysis under Chapter 2744.  The brief is silent on the qualified immunity analysis.  As noted in the defendants' motion, to succeed in a claim against officers in their individual capacity, the plaintiff must demonstrate: (1) the official's conduct violated a constitutional right; *and* (2) the right was clearly established at the time of the violation.  *See Saucier v. Katz*, 533 U.S. 194, 201 (2001).  Here, the plaintiff's brief is devoid of any analysis or case law attempting to demonstrate a clearly established right existed with regard to any of the plaintiff's §1983 claims.  Further, the brief lacks any analysis demonstrating the officer's conduct violated a right, or that a reasonable officer would have known his conduct was unlawful.   (See Doc#: 26, PageID#: 1077-1081).  In the absence of an attempt to create a question of fact on those requisite issues, it is apparent that the defendant officers are entitled to qualified immunity for the claims made against them in their individual capacities relating to the §1983 claims.   Thus, the claims fail as a matter of law.

**B. The plaintiff's brief similarly fails to address the *Monell* analysis for the federal claims against the City and the claims fail as a matter of law**

Just as the plaintiff's brief ignores the qualified immunity analysis for the federal claims, the plaintiff's brief is also silent as to the *Monell* analysis necessary to succeed in the plaintiff's federal claims against the City of Newark. As set forth in the defendants' motion, to succeed in a claim against a City, "a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Brown v. Chapman*, 2016 FED App. 0044P at *16 (6th Cir.), *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). At some point in the plaintiff's briefing when purporting to discuss the plaintiff's *state* law claim of malicious prosecution, the plaintiff sets forth a laundry list of alleged wrongful conduct tolerated by the City of Newark. The argument addressing the state law claims cannot be deemed a proper response to the defendants' analysis of the Monell issue. (Doc#: 26, PageID#:1086).

Further, this "list" is based entirely on the plaintiff's own subjective opinion, and has no documented support or evidentiary verification. First, the plaintiff alleges that the City of Newark allowed officers to falsify reports and improperly conduct investigations. Yet, the plaintiff failed to provide any evidence throughout his lengthy brief to support this allegation aside from his own subjective opinion. Additionally, several of the items include alleged failures of the City of Newark to have strict policies relating to debriefing and supervising mental health issues. (*Id.*). Yet, the plaintiff himself admits that both Chief Connell and his supervisor, Sgt. Brnjic, encouraged the plaintiff to seek help. (Doc#: 26, PageID#: 1063, 1064). The plaintiff testified that Chief Connell had provided him with specific information about counseling. (Doc: 20-1, PageID#: 711). Further, and notably, the plaintiff testified that he would have quit if he had been ordered to go to counseling. (Doc#: 20-1, PageID#: 726). In essence, the plaintiff is essentially seeking to penalize the City of Newark for his own decision not to pursue counseling and not forcing him to attend counseling after he threatened to quit if so ordered. Finally, none of these alleged, unsupported shortcomings of the City of Newark are tied to the plaintiff's alleged injury. The plaintiff claims he suffers from PTSD, which was in part due to trauma he allegedly

4

experience while in the line of duty. Thus, these policies would not have changed the plaintiff's exposure to trauma which, unfortunately, is part of the job for police officers.

The plaintiff has failed to conduct any analysis of his alleged federal claims. As such, the defendants' motion for summary judgment is fully supported by the record and controlling legal authority. In the absence of the plaintiff carrying his burden, the plaintiff's federal claims against the City of Newark for false arrest, malicious prosecution, and conspiracy fail as a matter of law.

## STATE CLAIMS

**C. Employment claim: The plaintiff's brief ignores the fact that he is not a member of a protected and thus fails to create a question of fact as to the alleged employment claims**

The plaintiff's brief cites a series of federal cases which provide analysis for evaluating claims of hostile work environment. (Doc#: 26, PageID#: 1082-1084). However, this litany of case law fails to support the plaintiff's claims, or create a question of fact, for two reasons. First, the plaintiff primarily cites federal case law from a variety of jurisdictions other than the Sixth Circuit, yet the plaintiff's employment claim is based on Ohio law. Thus, the various federal circuit courts have no relation to the plaintiff's purported employment claim. Second, even if the cases could be presented as persuasive authority, each case is based on either race-based employment discrimination claims, or sex-based employment discrimination claims. The principles of hostile work environment outlined in the cases cited by the plaintiff do not exist in a vacuum – they are applicable only to claims of employment discrimination based on a protected status. The record is undisputed that the plaintiff is not alleging employment discrimination or harassment based on his race, age, nationality, or religion. (See Doc#: 20-1, PageID#: 707).

To the extent the plaintiff attempts to claim his PTSD constitutes a disability within the meaning of the ADA, the claim similarly fails. The plaintiff's brief does not make an attempt to demonstrate the alleged diagnosis of PTSD is a qualifying disability within the meaning of the ADA, or that he received any improper treatment as a result of the alleged disability. Rather, as noted in the defendants' motion, the plaintiff admitted he never told anyone of his alleged diagnosis (which is not supported by medical

records) and he has no evidence he was ever treated differently as a result of the alleged diagnosis. Nor is this any evidence the plaintiff requested any accommodation based on her alleged disability. Further, during the deposition, when discussing the incidents which the plaintiff alleged constituted harassment, he admits that his purported PTSD diagnosis came later. (See Doc#: 20-1, PageID#: 706-707).  Thus, to the extent the plaintiff attempted to present an ADA claim, the plaintiff failed to show there exists any question of fact and the claim fails a matter of law.

Finally, the plaintiff briefly references alleged sexual harassment claims due to alleged conduct of Detective Lyn Riley.  However, as noted in the defendants' motion, in order to succeed in a claim of sexual harassment, a plaintiff must demonstrate: (1) the harassment was unwelcome; (2) the harassment was based on sex; (3) the harassing conduct was severe or pervasive so as to affect the terms, conditions, and privileges of the employment, and (4) that the harassment was either committed by a supervisor or the City knew or should have known of the harassment and failed to take corrective action. *See Ellis v. Jungle Jim's Mkt., Inc*., 2015-Ohio-4226, ¶21.  The plaintiff's brief does not attempt to satisfy any of these elements.  The plaintiff is not claiming the alleged harassment was done by a supervisor nor that the employer should have known of the alleged conduct.  Further, the plaintiff is not claiming he experienced any adverse employment action as a result of the alleged conduct.  Rather, the plaintiff merely alleges that Detective Riley was given special treatment and it was unfair to him and his co-workers.  (Doc#: 26, PageID#: 1070).  An allegation that a supervisor's wife was given special treatment that the plaintiff perceived as unfair is not sufficient to form a basis for a sexual harassment claim or other employment discrimination claim.  Thus, the claim fails as a matter of law.

The plaintiff conceded he is not a member of a protected class for which the employment discrimination laws exist.  The plaintiff has otherwise failed to create a question of fact as to an employment claim that may potentially be based on sexual harassment or the ADA. Thus, as there is no question of fact on the issue, the plaintiff's employment claims fail as a matter of law.

**D. The plaintiff's conclusory allegations that Sgt. Bline lied in his report or had a malicious motive – without citing any evidence to support such allegations – is insufficient create a question of fact as to whether he can overcome the rebuttal presumption of probable cause, and thus the claim of malicious prosecution fails as a matter of law**

As set forth in the defendants' motion, a claim for malicious prosecution is defeated by the existence of probable cause. A presumption of probable cause exists where a grand jury issued an indictment, and, under Ohio law, a plaintiff can only overcome the presumption by producing "'substantial evidence' that the return of the indictment resulted from perjured testimony or that the grand jury proceedings were otherwise 'significantly irregular.'" *Pierson v. Aaron's Rental*, 2010-Ohio-5443, ¶27, *citing Fair v. Litel Comm., Inc*. (Mar. 12, 1998), 10th Dist. No. 97APE06-804, 1998 Ohio App. LEXIS 930. Here, the plaintiff cannot demonstrate a question of fact exists as to allegations of perjured testimony and the plaintiff has not attempted to allege the grand jury proceedings were "irregular."

In his brief, the plaintiff simply makes the broad, and unsupported statement that "defendants made statements to the prosecutors with the intent of exerting influence . . ." and "statements of defendant officers, including police reports, regarding the plaintiff's alleged culpability were made with knowledge that said statements were false." (Doc#: 26, PageID#: 1085). Later in the brief, the plaintiff alleges Detective Bline "made false and defamatory statements" and that Detective Bline "knew" the statements were false. (Doc#: 26, PageID#: 1091). However, the plaintiff does not provide any evidence to support these broad and conclusory allegations. Thus, as set forth above, under Sixth Circuit precedence, these vague, blanket allegations are not sufficient to survive summary judgment. The plaintiff has failed to demonstrate there is a genuine issue of fact as to whether he can overcome the presumption of probable cause which arises due to the grand jury indictment. As a result, there remains a presumption of probable cause, which therefore defeats any claim of malicious prosecution, and the claims fails as a matter of law.

**E. The record does not support a claim of intentional infliction of emotional distress ("IIED").**

In the plaintiff's brief, the analysis of the claim of IIED consists of describing the elements and making the vague, unsupported allegation that the defendant officers' conduct was extreme and

outrageous. (Doc#: 26, PageID#: 1084). The plaintiff did not cite to any case law which demonstrates his alleged emotional injuries qualify under a claim of IIED, nor that the alleged conduct of the defendant officers rose to the level of conduct to succeed in an IIED claim.  As such, the plaintiff has not demonstrated there exists any question of fact and the defendants are entitled to judgment as a matter of law.

> ### F. The plaintiff cannot demonstrate a claim of defamation, and thus similarly cannot overcome the qualified privilege attached to the alleged defamatory statements

The plaintiff's brief appears to concede that Sgt. Bline's comments in his report are entitled to qualified privilege. (Doc#: 26, PageID#: 1087).  As noted in both the defendants' motion and the plaintiff's brief, the alleged defamatory statement is limited to a comment made in Sgt. Bline's investigation report in which he stated:

> The timing and the way of the request was made raised some very real concerns after the OHLEG violation . . . [t]he Officer could alert the criminal that the raid was coming which would allow the criminal to destroy evidence, move or even ambush officers.

(Doc#: 26, PageID#: 1091).

As noted by the plaintiff, "in Ohio, a statement is not defamatory unless it is a statement of fact rather than opinion." (Doc#: 26, PageID#: 1089).  Here, Sgt. Bline's statement means exactly what is says – he had his own, subjective concerns that were raised due to the plaintiff's undisputed conduct. It is undisputed that Sgt. Bline's statement literally said that it raised concerns – the statement does not accuse the plaintiff of alerting his girlfriend of impending raids.  Rather, it states that Sgt. Bline had concerns due to the timing of the plaintiff's odd request to be added to the SOG team, despite there not being any openings, and associated risks that could happen.  The plaintiff makes a generalized, and unsupported statement that Sgt. Bline knew his statement was false, yet the plaintiff fails to prove that Sgt. Bline did not subjectively experience these legitimate concerns.  (Doc#: 26, PageID#: 1091).  The plaintiff also makes the generalized, vague, and unsupported statement that officers know that opinions or concerns written in their investigative reports will be taken as fact.  Not only is this unsupported, this suggestion would severely hinder

investigations if all officers were prohibited for documenting all their observations and concerns if they were subject to risk of a defamation claim. This is the very reason qualified privilege exists. Additionally, the plaintiff alleges that Sgt. Bline somehow caused the investigative report to be publicized, when in actuality the report was distributed after it became public record in response to a public records request. Again, the plaintiff suggests that police departments risk being subject to defamation claims every time the department responds to a public records requests, which again is a reason officer's statements are protected by qualified privilege.

The plaintiff acknowledges that whether a statement is fact or opinion is a question of law. As such, the plaintiff has not, and cannot, create a question of fact in this instance as it is a legal determination. Thus, the defendants' position, as set forth fully in their motion, outlines all the controlling law as to why the statement is not defamatory, but also why the plaintiff cannot overcome the qualified privilege. The plaintiff's response has failed to identify any facts or case law which alters that analysis. For this reason, the plaintiff's claims of defamation are barred by qualified privilege, and otherwise fail as the purported defamatory statement is merely an opinion. For these reasons, the plaintiff's defamation claim fails as a matter of law.

## G. The defamation claims are barred by absolute privilege, qualified privilege or are otherwise not supported by the record

The plaintiff's brief again provides only vague, cursory allegations that Sgt. Eskins acted with reckless disregard for the truth when he provided the plaintiff's investigative report – after it had resulted in an indictment from the grand jury – to the plaintiff's team members who wanted to know what had happened in the investigation. The plaintiff also alleges Chief Connell acted with reckless disregard for the truth when providing responses to a public records request. Again, these allegations are not supported either by the record or by Ohio law. Rather, qualified privilege exists entirely to protect police departments from such claims when distributing investigative records. There is no Ohio law which supports the plaintiff's claims against Chief Connell and Sgt. Eskins, and this is evidenced by the fact that the plaintiff has not even cited case law to support his claims.

Thus, the plaintiff has not carried his burden by demonstrating the existence of a genuine issue of fact with regard to his false light/invasion of privacy claims based on the distribution of a public record. For this reason, the claim fails as a matter of law.

**H. The plaintiff failed to introduce any evidence to support his allegation of conspiracy**

The plaintiff's brief fails to identify what injury resulted from the alleged conspiracy, who participated in the alleged conspiracy, or what unlawful act occurred independently from the conspiracy, as necessary to succeed in such a claim. Rather, the brief made a series of vague, generalized allegations without any factual or legal support. The plaintiff has clearly failed to carry his burden and the state law conspiracy allegation fails as a matter of law.

<u>**CONCLUSION**</u>

The plaintiff's analysis of his purported claims relies entirely on speculation, conjecture, and conclusory allegations. There is nothing in the record to support any of his claims. As such, the defendants are entitled to summary judgment on all claims.

WHEREFORE, based on the foregoing, the defendants, City of Newark, Ohio, Barry Connell, John Brnjic, Doug Bline, Steven Baum, Dave Haren, Clint Eskins, Darrin Logan and John/Jane Does 1-5, respectfully request an Order from the Court granting summary judgment on all claims, and dismissing the plaintiff's complaint in its entirety.

Respectfully submitted,

*s/Tonya J. Rogers*
Gregory A. Beck (0018260)
Tonya J. Rogers (0090438)
BAKER, DUBLIKAR, BECK,
WILEY & MATHEWS
400 S. Main Street
North Canton, Ohio 44720
E-mail:beck@bakerfirm.com
        tonya@bakerfirm.com
Phone: (330) 499-6000
Fax:    (330) 499-6423
Counsel for Defendants

## **PROOF OF SERVICE**

I hereby certify that on May 20, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Joel Robert Rovito, Esq.
James E. Southern, Esq.
Counsel for Plaintiff

*s/Tonya J. Rogers*
Gregory A. Beck
Tonya J. Rogers
BAKER, DUBLIKAR, BECK,
WILEY & MATHEWS
